E-FILED
Tuesday, 11 May, 2010  02:07:57 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Renee S. Hartman,           )
          Plaintiff    )
                       )
v.                          )   Case No. 09-1302
                       )
American Red Cross,         )
          Defendant    )

**ORDER**

Now before the Court is Plaintiff's motion to compel (#13) and the Plaintiff's motion for leave to file a reply(#15). As explained below, the motion to compel is GRANTED IN PART AND DENIED IN PART, and the motion for leave is DENIED.

The motion to compel asks the Court to review Defendant's Rule 26(a)(1) disclosures and to order further disclosures be made. There are two areas of dispute.

The first area concerns Defendant's initial refusal to provide individual addresses and telephone numbers for current and former employees of the Defendant. Instead, Defendant stated that these individuals could be contacted through defense counsel. Upon Plaintiff's challenge to Defendant's initial response, Defendant provided addresses and telephone numbers for some employees but declined to do so for current managers or supervisors, repeating that they could only be contacted through Red Cross counsel.

Rule 26(a)(1)obligates the disclosure of the "name and, if known, the address and telephone number of each individual likely to have discoverable information." Numerous courts have held that this obligation is satisfied only by producing individual addresses for individual witnesses; disclosure of an attorney's address or an employer's address is not sufficient. See, e.g., Dixon v. Certainteed Corp., 164 F.R.D. 685, 689 (D. Kan.1996); Fausto v. Credigy Svcs. Corp., 251 F.R.D. 427, 429 (N.D.

Ca. 2008); Thurby v. Encore Receivable Mgmt., 251 F.R.D. 620 (D. Colo.2008); Viveros v. Nationwide Janitorial Ass'n Inc., 200 F.R.D. 681, 684 (N.D. Ga. 2000).

It may very well be the case that current supervisors and managers are represented by defense counsel and may not be contacted directly by Plaintiff's counsel. That question is not before the Court at this time. The apparent basis for Defendant's position on this question is an unspoken concern that Plaintiff's counsel will contact represented employees. That hypothetical concern, however, does not justify unilateral disregard for the disclosures mandated by Rule 26(a). The Court will not engage in speculation that counsel might not act in accord with legal ethics. If the time comes that a concrete ethical issue arises, counsel for both parties shall bring the matter to the Court's attention.

Defendant has made a four paragraph waiver and lack of good faith argument, unsupported by any legal authority. The argument is insufficient to change the outcome of this Order. Moreover, perfunctory and undeveloped arguments are waived. See Finance Investment Co. v. Geberit AG, 165 F.3d 526 (7th Cir. Dec. 23, 1998); Indurante v. Local 705, International Brotherhood of Teamsters, 160 F.3d 364, 366 (7th Cir. 1998); Kauthar SDN BHD v. Sternberg, 149 F.3d 659, 668 (7th Cir. 1998), cert. den., 119 S.Ct. 890 (1999).

The Plaintiff's motion for leave to file a reply is addressed only to the waiver/lack of good faith argument. Because there is no merit on the face of the argument, there is no need for a reply brief.

Because there is at least one legitimate reason for providing addresses of witnesses, namely conducting background investigations of key witnesses, I find that the Rule's mandate must be followed. Defendant must disclose the home addresses and personal telephone numbers for all current employees that Defendant has disclosed as witnesses with pertinent information, but with the following proviso: the addresses and telephone numbers are not to be disclosed by Plaintiff's attorney to Plaintiff

herself.

The second issue raised by the motion to compel relates to Defendant's refusal to provide a copy of its insurance policy. Rule 26 expressly requires disclosure of "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed.R.Civ.P. 26(a)(1)(A)(iv). Defendant refused to disclose its reinsurance policy because it is self insured up to $1 million and in defense counsel's judgment, this case is not worth that much.

This Court has previously held that reinsurance agreements are discoverable and, in fact, must be produced as part of initial disclosures under Rule 26(a)(1). Country Life Ins. Co. v. St. Paul Surplus Lines, No. 03-1224, *17 (C.D. Ill.)(Gorman, J.). The majority of District Courts to have considered the question agree that reinsurance agreements are discoverable. See, Machinery Movers, Riggers, and Machinery Erectors, Local 136 Defined Pension Plan v. Fidelity and Deposit Co., - F. Supp. 2d - , Case No. 06-2539, 2007 WL 3120029 *4 (N.D.Ill.2007); Nat'l Union Fire Ins. Co. v. Continental Illinois Corp, No. 85C7080 and 7081, 1987 WL 11353 at *4-5 (May 20, 1987 N.D.Ill.). Accord, Medmarc Cas. Ins. Co. v. Arrow Internat'l Inc., No. 01CV2394, 2002 WL 1870452 (July 29, 2002, E.D.Pa); Missouri Pac. R.R. Co. v. Aetna Cas. & Surety Co., No. 3:93-CV-1898-D, 1995 WL 861147 at *2 (N.D. Tex. Nov. 6, 1995); Tardiff v. Knox County, 224 F.R.D. 522, 523 (D.Me.,2004); Potomac Electric Power v. California Union Ins., 136 F.R.D. 1 (D.D.C., 1990). Cf. Rhone-Poulenc Rorer Inc. v. Home Indemnity Co., 139 F.R.D. 609 (E.D.Pa. 1991)(not allowing discovery concerning reinsurance) and Rhone-Poulenc Rorer Inc. v. Home Indemnity Co., NO. 88-9752, 1991 WL 237636 (Nov. 7, 1991 E.D.Pa.) (reconsidering earlier order and finding communications were relevant to affirmative defenses of lack of notice and misrepresentation).   The Rule requires production if the insurance "may" be

called upon. Defense counsel asserts that the case cannot reach the cap of its self insured retention of $1 million, given some of the "facts" of this case (such as Plaintiff's hourly wage at the time of the underlying events). Because of that valuation, counsel states that Defendant's insurance "will not be called upon to satisfy" any judgment. Therefore, according to counsel, Defendant "has no insurance agreement to produce." Where punitive damages and attorney fees are sought and are recoverable in addition to uncapped compensatory damages, as they are here, it is conceivable, perhaps remotely so but conceivable nonetheless, that the case's value could exceed the self insurance cap. At this stage of the lawsuit, defense counsel's valuation of the case, based on "facts" that have not yet been established, is just not enough to negate the Rule's obligation to produce the insurance agreement.

At this time, I decline to award fees and costs as requested by Plaintiff in the motion to compel because, under the facts of this case, I find that the dispute was legitimate and that, while Defendant's position did not ultimately prevail, it was far from frivolous or unjustified. To this extent, the motion to compel is denied.

## CONCLUSION

Plaintiff's motion for leave to file a reply (#15) is denied. Plaintiff's motion to compel (#13) is granted in part and denied in part, as stated herein. The discovery ordered herein shall be served within 14 days of the date of this Order. At this time, I decline to award fees and costs because, under the facts of this case, I find that the dispute was legitimate and that, while Defendant's position did not ultimately prevail, it was far from frivolous or unjustified.

ENTERED ON May 11, 2010

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE